IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DISNEY ENTERPRISES, INC., et al.,

Plaintiffs

v.                                                          CIVIL 03-1314 (SEC)

VANIDADES ESCANDALOS, et al.,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Summary Judgment against Defendants Jose Garcia d/b/a Mary & Joe Fashions and Rolando Rodriguez Oyola d/b/a Teresa Fashions filed June 4, 2004. This Court granted the Plaintiffs' Motion and scheduled a hearing on the issue of damages. The Court conducted this hearing on April 6, 2005 and presents this Report and Recommendation.

BACKGROUND

The Plaintiffs' Complaint states causes of action against the Defendants for copyright infringement, trademark infringement, false designation of origin and false description, and dilution under the laws of the United States. The Defendants have unlawfully engaged in the manufacture, duplication, distribution, sale, or offer for sale of counterfeit merchandise bearing exact copies or colorable duplications of Plaintiffs' copyrights and trademarks.

The Plaintiffs consist of some of the world's largest and most famous entertainment and publishing companies each of which owns one or more

CIVIL 03-1314 (SEC)                    2

trademarks. Plaintiffs attached actual copies of the registrations for these trademarks to the Complaint, but do not attach them here because they are voluminous. These trademark properties are extremely valuable to each of the Plaintiffs. This value is measured, in part, by the immense popularity the public attaches to each of the trademarks.

Plaintiffs Disney, Hanna-Barbera, and Sanrio (hereinafter "Copyright Plaintiffs") each own one or more copyrights. The Copyright Plaintiffs attached copies of their copyright registrations to the Complaint. As with the trademarks noted above, these copyrights are extremely valuable to the Copyright Plaintiffs as measured by their immense popularity.

The Defendants in this action are in the business of manufacturing, distributing, offering for sale, or selling counterfeit merchandise bearing the Plaintiffs' trademarks and copyrights. As a direct result of these activities, the Plaintiffs filed the present lawsuit on March 24, 2003, together with a Motion and Memorandum for Entry of a Temporary Restraining Order, Order of Seizure and Impoundment, and Order to Show Cause for Entry of Preliminary Injunction. Thereafter, on March 28, 29, and 30, 2003, the Plaintiffs served the Complaint and supporting paperwork on the Defendants. Simultaneous with the service, the U.S. Marshal's Service seized all counterfeit merchandise located within the Defendants' places of business throughout the island of Puerto Rico. As a result of this seizure, the U.S. Marshal's Service took custody of over 30,000 articles of counterfeit

CIVIL 03-1314 (SEC)                    3

merchandise. This merchandise is now in the possession of Plaintiffs' counsel as substitute custodian.

On March 25, 2003 this Court entered a Preliminary Injunction against the Defendants. Thereafter, the Plaintiffs wrote each of the Defendants or their counsel in an attempt to resolve this matter. After failing to come to an agreement with either defendant, on June 4, 2004, the Plaintiffs filed a Motion for Summary Judgment on the Issue of Liability against the Defendants. This Court granted the Plaintiffs' motion on February 8, 2005. Accordingly, the only questions left for this Court are the damages to be awarded against the Defendants, what injunctive relief is appropriate, and what final disposition should be made of the seized merchandise.

RECOMMENDATION

A Permanent Injunction should be entered against Defendants Jose Garcia d/b/a Mary & Joe Fashions and Rolando Rodriguez Oyola d/b/a Teresa Fashions, pursuant to Fed. R. Civ. P. 65, forever enjoining these Defendants from manufacturing, procuring, distributing, shipping, retailing, selling, advertising, or trafficking in any merchandise not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Plaintiffs' trademarks, or bearing a design or image which is of a substantially similar appearance to the Plaintiffs' copyrights listed on Exhibit "A" to the Complaint. The Defendants should also be permanently enjoined from passing off, inducing, or enabling others to sell or pass of as authentic any product not

CIVIL 03-1314 (SEC)                              4

manufactured by the Plaintiffs or produced under the control or supervision of the

Plaintiffs and approved by the Plaintiffs, which utilized any of the Plaintiffs'

Trademarks or Copyrights listed on Exhibit "A" to the Complaint;

      a.   From committing any act calculated to cause purchasers to believe that

the Defendant(s) products are those sold under the control and supervision

of the Plaintiffs, or are sponsored, approved, or guaranteed by the Plaintiffs,

or are connected with and produced under the control or supervision of the

Plaintiffs

      b.   From further diluting and infringing the Plaintiffs' trademarks and

copyrights and damaging their goodwill;

      c.   From causing, aiding, or abetting any other person from doing any act

proscribed under a. and b. above.

      IT IS RECOMMENDED that Judgment be entered against these Defendants and

in favor of the Plaintiffs noted more specifically below:

      1. Jose Garcia d/b/a Mary & Joe Fashions

| | |
|---|---|
| To Disney Enterprises, Inc.: | |
| For violation of its' "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 | $30,000.00 |
| For a willful infringement of this copyright, pursuant to 17 U.S.C. § 504 | $30,000.00 |
| To Cartoon Network, LP, LLLP: | |
| For violation of its' "PowerPuff Girls" trademark, pursuant to 15 U.S.C. § 1117(c)(1) | $50,000.00 |
| For willful use of a counterfeit mark, pursuant to 15 U.S.C. § 1117(c)(2) | $50,000.00 |

CIVIL 03-1314 (SEC)                    5

        To Warner Bros. Entertainment Inc.:
        For violation of its' "Tweety" trademark,
        pursuant to 15 U.S.C. § 1117(c)(1)        $50,000.00
        For willful use of a counterfeit mark,
        pursuant to 15 U.S.C. § 1117(c)(2)        $50,000.00

        To Sanrio, Inc.:
        For violation of its' "Hello Kitty" copyright,
        pursuant to 17 U.S.C. § 504        $30,000.00
        For willful infringement of this copyright,
        pursuant to 17 U.S.C. § 504        $30,000.00

            Total Judgment        $320,000.00

   2. Rolando Rodriguez Oyola d/b/a Teresa Fashions

        To Disney Enterprises, Inc.:
        For violation of its' "Mickey Mouse" copyright,
        pursuant to 17 U.S.C. § 504        $30,000.00
        For willful infringement of this copyright,
        pursuant to 17 U.S.C. § 504        $70,000.00

        To Cartoon Network, LP, LLLP:
        For violation of its' "PowerPuff Girls" trademark,
        pursuant to 15 U.S.C. § 1117(c)(1)        $100,000.00
        For willful use of a counterfeit mark,
        pursuant to 15 U.S.C. § 1117(c)(2)        $100,000.00

        To Warner Bros. Entertainment Inc.:
        For violation of its' "Tweety" trademark,
        pursuant to 15 U.S.C. § 1117(c)(1)        $100,000.00
        For willful use of a counterfeit mark,
        pursuant to 15 U.S.C. § 1117(c)(2)        $100,000.00

        To Sanrio, Inc.:
        For violation of its' "Hello Kitty" copyright,
        pursuant to 17 U.S.C. § 504        $30,000.00
        For willful violation of this copyright,
        pursuant to 17 U.S.C. § 504        $70,000.00

CIVIL 03-1314 (SEC)                              6

Total Judgment                              $600,000.00

IT IS RECOMMENDED that all counterfeit merchandise seized from the Defendants, which is now in the Plaintiffs' control, may be destroyed or otherwise disposed of as the Plaintiffs deem appropriate.

IT IS RECOMMENDED that the seizure bond in this matter be discharged.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 7th day of April, 2005.

S/JUSTO ARENAS
Chief United States Magistrate Judge