IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DISNEY ENTERPRISES, INC.; SANRÍO, INC.; TIME WARNER ENTERTAINMENT COMPANY, L.P., a limited Delaware partnership; THE CARTOON NETWORK, LP, LLLP; HANNA-BARBERA PRODUCTIONS, INC., and DC COMICS,

Plaintiffs

v.

VANIDADES ESCÁNDALOS; EL KIOSKITO; ATACATUM; 1 to SEVEN; TELAS 2000; SMYQ; BADRAN STORES; JESÚS FORTIS d/b/a MUNDO DE CURIOSIDADES; LINICOL FANTASY; GUAYAMA UNIFORMS; J&R PROFESSIONAL PRINTING,

Defendants

CIVIL 03-1314 (SEC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Upon consideration of plaintiffs' "Motion for Final Default Judgment and Other Orders" (Docket No. 107) and this court having considered the evidence of record including the affidavits and exhibits submitted, it is hereby RECOMMENDED that the court enter the following:

## PERMANENT INJUNCTION

A Permanent Injunction is entered against defendants 1 to Seven, Atacatum, Badran Stores, El Kioskito, Guayama Uniforms, J&R Professional Printing, Linicol Fantasy, Mundo de Curiosidades, SMYQ, Telas 2000, and Vanidades Escándalos,

CIVIL 03-1314 (SEC)                           2

pursuant to Federal Rule of Civil Procedure 65, forever enjoining these defendants, their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them:

    a.   From manufacturing, procuring, distributing, shipping, retailing, selling, advertising, or trafficking in any merchandise, including apparel, bags, jewelry, or related merchandise not authorized by the plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the plaintiffs' trademarks, or bearing a design or image which is of a substantially similar appearance to the plaintiffs' copyrights listed on Exhibit "A" to the complaint;

    b.   From passing off, inducing, or enabling others to sell or pass off as authentic products produced by the plaintiffs or otherwise authorized by the plaintiffs, any product not manufactured by the plaintiffs or produced under the control or supervision of the plaintiffs and approved by the plaintiffs, which utilized any of the plaintiffs' trademarks or copyrights listed on Exhibit "A" to the complaint;

    c.   From committing any act calculated to cause purchasers to believe that the defendant(s) products are those sold under the control and supervision of the plaintiffs, or are sponsored, approved, or guaranteed

CIVIL 03-1314 (SEC)                              3

        by the plaintiffs, or are connected with and produced under the control or supervision of the plaintiffs;

  d.  From further diluting and infringing the plaintiffs' trademarks and copyrights and damaging their goodwill;

  e.  From causing, aiding, or abetting any other person from doing any act proscribed under a through d above.

IT IS FURTHER RECOMMENDED that the court enter the following:

## FINAL JUDGMENT

Judgment is hereby entered against defendants 1 to Seven, Atacatum, Badran Stores, El Kioskito, Guayama Uniforms, J&R Professional Printing, Linicol Fantasy, Mundo de Curiosidades, SMYQ, Telas 2000, and Vanidades Escándalos and in favor of the plaintiffs as noted more specifically below:

1. 1 to Seven

    To Disney Enterprises, Inc.:
    For violation of its' "Winnie the Pooh"
    copyright, pursuant to 17 U.S.C. § 504    $10,000.00

    To Sanrío, Inc.:
    For violation of its' "Hello Kitty"
    copyright, pursuant to 17 U.S.C. § 504    $10,000.00

    Total Judgment                              $20,000.00

2. Atacatum

    To Sanrío, Inc.:
    For violation of its' "Hello Kitty"
    copyright, pursuant to 17 U.S.C. § 504    $10,000.00

CIVIL 03-1314 (SEC)                                    4

|  |  |
|---|---|
| Total Judgment | $10,000.00 |

3. Badran Stores

   To Disney Enterprises, Inc.:
   For violation of its' "Pluto"
   copyright, pursuant to 17 U.S.C. § 504     <u>$10,000.00</u>

   To Hanna-Barbera Productions, Inc.:
   For violation of its' "Scooby-Doo" trademark,
   pursuant to 15 U.S.C. § 1117(c)(1)     <u>$ 5,000.00</u>
   For willful use of a counterfeit mark,
   pursuant to 15 U.S.C. § 1117(c)(2)     <u>$ 5,000.00</u>

   Total Judgment                                  $20,000.00

4. El Kioskito

   To Sanrío, Inc.:
   For violation of its' "Hello Kitty"
   copyright, pursuant to 17 U.S.C. § 504     <u>$10,000.00</u>

   Total Judgment                                  $10,000.00

5. Guayama Uniforms

   To Disney Enterprises, Inc.:
   For violation of its' "Winnie the Pooh"
    copyright, pursuant to 17 U.S.C. § 504     <u>$10,000.00</u>

   Total Judgment                                  $10,000.00

6.   J&R Professional Printing

   To Disney Enterprises, Inc.:
   For violation of its' "Mickey Mouse"
   copyright, pursuant to 17 U.S.C. § 504     <u>$10,000.00</u>

   To Sanrío, Inc.:
   For violation of its' "Hello Kitty"
   copyright, pursuant to 17 U.S.C. § 504     <u>$10,000.00</u>

CIVIL 03-1314 (SEC)                              5

|  |  |
|---|---|
| To Hanna-Barbera Productions, Inc.: | |
| For violation of its' "Scooby-Doo" trademark, pursuant to 15 U.S.C. § 1117(c)(1) | $  5,000.00 |
| For willful use of a counterfeit mark, pursuant to 15 U.S.C. § 1117(c)(2) | $  5,000.00 |
| Total Judgment | $30,000.00 |

7.  Linicol Fantasy

|  |  |
|---|---|
| To Disney Enterprises, Inc.: | |
| For violation of its' "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504 | $10,000.00 |
| To Sanrío, Inc.: | |
| For violation of its' "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $10,000.00 |
| Total Judgment | $20,000.00 |

8.  Mundo de Curiosidades

|  |  |
|---|---|
| To Sanrío, Inc.: | |
| For violation of its' "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $10,000.00 |
| Total Judgment | $10,000.00 |

9.  SMYQ

|  |  |
|---|---|
| To Disney Enterprises, Inc.: | |
| For violation of its' "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504 | $10,000.00 |
| To Sanrío, Inc.: | |
| For violation of its' "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $10,000.00 |
| Total Judgment | $20,000.00 |

10. Telas 2000

CIVIL 03-1314 (SEC)                             6

    To Sanrío, Inc.:
    For violation of its' "Hello Kitty"
    copyright, pursuant to 17 U.S.C. § 504        $10,000.00

    Total Judgment                                                   $10,000.00

11. Vanidades Escándalos

    To Disney Enterprises, Inc.:
    For violation of its' "Minnie Mouse"
    copyright, pursuant to 17 U.S.C. § 504        $10,000.00

    To The Cartoon Network, LP, LLLP:
    For violation of its' "PowerPuff Girls" trademark,
    pursuant to 15 U.S.C. § 1117(c)(1)            $ 5,000.00
    For willful use of a counterfeit mark,
    pursuant to 15 U.S.C. § 1117(c)(2)            $ 5,000.00

    Total Judgment                                                   $20,000.00

    IT IS FURTHER RECOMMENDED that all counterfeit merchandise seized from the above-noted defendants now in the plaintiffs' control may be destroyed or otherwise disposed of as the plaintiffs deem appropriate.

    Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co.

CIVIL 03-1314 (SEC)                           7

v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 29th day of April, 2005.

                                                S/ JUSTO ARENAS
                            Chief United States Magistrate Judge