**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al. | |
| Plaintiffs | |
| v. | Civil No. 03-1314 (SEC) |
| VANIDADES ESCÁNDALOS, et al. | |
| Defendants | |

**OPINION AND ORDER**

On February 8, 2005 the Court issued an Opinion and Order granting Plaintiffs' motion for summary judgment and holding that Co-defendants Juan Ricky Dávila-Bochetti d/b/a Sunset T-Shirts, José García d/b/a Mary & Joe Fashions, and Rolando Rodríguez-Oyola d/b/a Teresa Fashions (herein "Defendants") were liable to Plaintiffs for trademark and copyright infringement (Docket # 97).[1] Thereafter, the Court referred this case to Magistrate-Judge Justo Arenas for a hearing on damages and a Report and Recommendation as to Defendants and the remaining Co-defendants against whom default was entered, to wit, 1 to Seven, Atacatum, Badram Stores, El Kioskito, Guayama Uniforms, J&R Professional Printing, Linicol Fantasy, Jesús Fortos d/b/a Mundo de Curiosidades, SMYQ, Telas 2000, and Vanidades Escándalos (Docket # 115). On April 7, 2005 Magistrate Arenas issued his report, recommending that Co-defendant García pay Plaintiffs a total of three-hundred and twenty thousand dollars ($320,000) and that Co-defendant Rodríguez-Oyola pay Plaintiffs a total of six-hundred thousand dollars ($600,000) (Docket # 119). Magistrate Arenas further recommended that: (i) a permanent injunction be entered against Defendants, (ii) all

---

[1] Thereafter, on March 9, 2005 Plaintiffs and Co-defendant Juan Ricky Dávila-Bochetti d/b/a Sunset T-Shirts filed a settlement agreement in which they stipulated that the Court enter a permanent injunction and final order against Co-defendant Dávila-Bochetti (Docket # 106). Therefore, the Court issued said permanent injunction and final order on March 16, 2005 (Docket # 110).

**Civil No. 03-1314(SEC)**                                                                                                      2
_____

counterfeit merchandise seized from Defendants be destroyed or otherwise disposed of by Plaintiffs, and (iii) the seizure bond in this matter be discharged. To date, the parties have not filed any objections to the Magistrate's report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** those portions of the Magistrate's Report and Recommendation pertaining to the amount of damages owed by Defendants to Plaintiffs, the issuance of a permanent injunction against Defendants, and the disposition of the counterfeit merchandise. However, at this time, we **REJECT** the Magistrate's recommendation that the seizure bond in this matter be discharged since the time allotted for filing objections to the Magistrate's Report and Recommendation on damages owed by the remaining Co-defendants has not expired. See Docket # 120.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in

**Civil No. 03-1314(SEC)** 3

___

part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections,"'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis**

The parties have not objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Arenas's assessment of damages and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own except as previously specified. Accordingly, Co-defendant García shall pay $60,000 to Co-plaintiff Disney Enterprises, Inc. ("Disney"); $100,000 to Co-plaintiff Cartoon Network, LP, LLLP ("Cartoon Network"); $100,000 to Co-plaintiff Warner Bros. Entertainment, Inc. ("Warner Bros."); and $60,000 to Co-plaintiff Sanrio, Inc. ("Sanrio") for a total of $320,000. Co-defendant Rodríguez-Oyola shall pay $100,000 to Co-plaintiff Disney; $200,000 to Co-plaintiff Cartoon Network; $200,000 to Warner Bros; and $100,000 to Co-plaintiff Sanrio for a total of $600,000. Furthermore,

**Civil No. 03-1314(SEC)** 4
_____

Plaintiffs shall destroy or dispose of the counterfeit merchandise seized from Defendants. A permanent injunction and partial judgment shall be entered accordingly. The Court will retain Plaintiffs' seizure bond until judgment on damages for the remaining Co-defendants is entered and this litigation concludes.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 3rd day of May, 2005.

                                      S/ *Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      United States District Judge