**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., et al. | |
| Plaintiffs | |
| v. | Civil No. 03-1314 (SEC) |
| VANIDADES ESCÁNDALOS, et al. | |
| Defendants | |

**OPINION AND ORDER**

On October 25, 2004 the Court entered default against Co-defendants 1 to Seven, Atacatum, Badran Stores, El Kioskito, Jesús Fortis a/k/a Mundo de Curiosidades, Guayama Uniforms, Linicol Fantasy, J&R Professional Printing, SMYQ, Telas 2000 and Vanidades Escándalos (herein "Defendants") (Docket # 95). Thereafter, on March 11, 2005 Plaintiffs requested that the Court enter default judgment as to said Defendants (Docket # 107). The Court referred this case to Magistrate-Judge Justo Arenas for a hearing on damages and a Report and Recommendation (Docket # 115). On April 29, 2005 Magistrate Arenas issued his report, recommending that Co-defendant 1 to Seven pay $10,000 to Co-plaintiff Disney Enterprises, Inc. ("Disney") and $10,000 to Co-plaintiff Sanrio, Inc. ("Sanrio") for a total of $20,000; Co-defendant Atacatum pay $10,000 to Sanrio; Co-defendant Badran Stores pay $10,000 to Disney and $10,000 to Co-plaintiff Hanna Barbera Productions Inc. ("Hanna Barbera") for a total of $20,000; Co-defendant El Kioskito pay $10,000 to Sanrio; Co-defendant Guayama Uniforms pay $10,000 to Disney; Co-defendant J&R Professional Printing pay $10,000 to Disney, $10,000 to Sanrio and $10,000 to Hanna Barbera for a total of $30,000; Co-defendant Linicol Fantasy pay $10,000 to Disney and $10,000 to Sanrio for a total of $20,000; Co-defendant Jesús Fortis a/k/a Mundo de Curiosidades pay $10,000 to Sanrio; Co-defendant SMYQ pay $10,000 to Disney and $10,000 to Sanrio for a total of

**Civil No. 03-1314(SEC)**                                                                                                                    2
_____

$20,000; Co-defendant Telas 2000 pay $10,000 to Sanrio; and Co-defendant Vanidades Escándalos pay $10,000 to Disney and $10,000 to Co-plaintiff The Cartoon Network, LP, LLP for a total of $20,000 (Docket # 120). Magistrate Arenas further recommended that: (i) a permanent injunction be entered against Defendants and (ii) all counterfeit merchandise seized from Defendants be destroyed or otherwise disposed of by Plaintiffs. To date, the parties have not filed any objections to the Magistrate's report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE** and **ADOPT** the Magistrate's Report and Recommendation as to the amount of damages owed by Defendants to Plaintiffs, the issuance of a permanent injunction against Defendants, and the disposition of the counterfeit merchandise.

**Standard of Review**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72(a) for the District of Puerto Rico, a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party can "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado-Pagán, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. § 636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in

**Civil No. 03-1314(SEC)** 3
_____

part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "'the district court can assume that they have agreed to the magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). Thus, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from the district court's order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4, 5 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992) ("[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal").

**Analysis**

The parties have not objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it. However, upon review, we find no fault with Magistrate Judge Arenas' assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Accordingly, final judgment will be entered as recommended. Finally, Plaintiffs' seizure bond will be **DISCHARGED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of May, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge